IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-25,237-04






EX PARTE DELBERT WAYNE COLQUITT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-28968-A IN THE 217TH JUDICIAL DISTRICT COURT


FROM ANGELINA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance in a drug free zone, and was sentenced to eight years' imprisonment. He did
not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to advise him of the effect of the drug free zone allegation on his parole eligibility,
and in fact affirmatively mis-advised him that he would be "home in two years." Because there are
no copies of the plea documents in the record, it cannot be determined whether parole eligibility was
an affirmative element of the plea agreement, or whether Applicant was correctly admonished
regarding the consequences of his plea.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea documents,
including the admonishments, stipulations and waivers, any plea agreement, and the evidence, if any,
introduced to support the plea. The trial court shall then make findings of fact as to whether
Applicant was advised of the effect of the drug free zone allegation, and as to whether parole
eligibility was an affirmative element of the plea agreement. The trial court shall make findings as
to whether counsel advised Applicant that he would be "home in two years" pursuant to the plea
agreement. The trial court shall make findings as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred and twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: February 9, 2011

Do not publish